UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY LAVELLE MARTIN #460976,

    Plaintiff,

v.                                         Case No. 2:16-cv-51
                                                  HON. ROBERT HOLMES BELL

JOYCE ROSS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Anthony Lavelle Martin, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Joyce Ross, who is employed at MDOC as an Account Technician. Plaintiff asserts that Defendant Ross denied his right to access the courts. Defendant Ross has filed a motion to dismiss based on qualified immunity pursuant to Federal Rules of Civil Procedure 12(b)(6). (ECF No. 8.) Plaintiff has responded. (ECF No. 11.) This matter is now ready for decision.

Plaintiff's allegations are related to a previous lawsuit, *Bryant v. Smith*, No. 1:14-CV-869 (W.D. Mich filed Aug. 15, 2014). In that case, Plaintiff—along with two other inmates, Bryant and Stoval—filed a §1983 action alleging violations of their Fourth Amendment rights stemming from their arrests and criminal prosecutions. The district court determined that the action was untimely because it was filed outside the three-year statute of limitations. Plaintiff was arrested in 2008, Stoval was arrested in 2005, and Bryant was arrested in 2002. The action was not filed until 2014. Therefore, the district court dismissed the case as frivolous.

After the case was dismissed, all three plaintiffs filed a notice of appeal. On December 11, 2014, the Sixth Circuit sent Plaintiff a letter with instructions on how to proceed *in forma pauperis* on appeal. Shortly thereafter, on December 14 or 15, 2014, Plaintiff sent a kite to the accounting office requesting his monthly statements for the last six months. After not receiving his monthly statements, Plaintiff sent another kite to the accounting office on January 4, 2015. Defendant Ross responded to this kite on January 9, 2015, stating that the monthly reports were sent to him on January 5, 2015. On January 13, 2015, Plaintiff again sent a kite to the accounting office stating that he never received his monthly statements. On January 14, 2015, the district court denied Plaintiff's leave to proceed *in forma pauperis* on appeal because he did not file the requisite certified prisoner account statement. Both Bryant and Stoval filed the proper paperwork and were granted leave to proceed i*n forma pauperis* on appeal.

Plaintiff filed this action on February 22, 2016. On May 11, 2016, the Sixth Circuit affirmed the district court's decision to dismiss the complaint because the action was time-barred. Because Stoval did not file a brief, the Sixth Circuit's decision was based solely on Bryant's allegations.

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

Defendant Ross's motion to dismiss is based on qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

In making a qualified immunity determination, the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*.

In this case, Plaintiff asserts a denial of access to the courts claim. It is well-established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The right of access to the courts prohibits prison officials from erecting barriers that may impede the inmate's accessibility to the courts. *See Knop v. Johnson,* 977 F.2d 996, 1009 (6th Cir. 1992). In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual prejudice or "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). In addition, the Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. Thus, "[a] prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement." *Wilson v. Klein,* 75 F. App'x. 479, 480 (6th Cir. 2003) (citing *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus–X v. Blatter*, 175 F.3d 378, 391 (6th Cir.1999)). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

Here, Plaintiff has failed to allege any actual injury. First, Plaintiff cannot show any actual injury because his right to access the courts does not extend to the type of case in Plaintiff's previous lawsuit. In the previous lawsuit, Plaintiff asserted a § 1983 claim alleging violations of his Fourth Amendment rights when he was arrested in 2008. Although Plaintiff alleged a civil-rights claim, the claim was not challenging his conditions of confinement. Thus, Plaintiff's right to access the courts does not extend to his previous lawsuit. In addition, Plaintiff cannot show any actual injury because Plaintiff's previous lawsuit was frivolous. The district court determined that Plaintiff's lawsuit was frivolous because it was untimely and barred by the statute of limitations. Even though Plaintiff was not part of the appeal, the Sixth Circuit affirmed the district court's decision that Bryant's claim was untimely. Plaintiff does not allege any additional facts to show that the Sixth Circuit would have decided the case differently had Plaintiff been allowed to proceed *in forma pauperis* on appeal. Therefore, in the opinion of the undersigned, Plaintiff has not shown any actual injury.

Accordingly, it is recommended that Defendant's motion to dismiss (ECF No. 8.) be granted and that this case be dismissed without prejudice in its entirety.

-6-

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:      September 16, 2016               */s/ Timothy P. Greeley*
                                             TIMOTHY P. GREELEY
                                             UNITED STATES MAGISTRATE JUDGE