UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY LAVELLE MARTIN,

    Plaintiff,

v.

                                      Case No. 2:16-cv-51

JOYCE ROSS,                            HON. ROBERT HOLMES BELL

    Defendant.
                                       /

## MEMORANDUM OPINION AND ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

On September 20, 2016, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Defendant's motion to dismiss based on qualified immunity (ECF No. 9) be granted. The matter is before the Court on Plaintiff's objections to the R&R. (ECF No. 14.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

I.

Plaintiff raises several objections to the R&R.  First, Plaintiff objects to the Magistrate Judge's conclusion that his complaint is related to a previous lawsuit alleging Fourth Amendment violations.  Next, Plaintiff objects to the Magistrate Judge's analysis under *Bounds v. Smith*, 430 U.S. 817 (1977) and *Lewis v. Casey*, 518 U.S. 343 (1996), and argues that these cases are inapposite.  Plaintiff also objects to the Magistrate Judge's conclusion that he has not shown actual injury.  Plaintiff argues that he timely filed his prior lawsuit, and if he had been allowed to proceed *in forma pauperis*, he would have been able to present his non-frivolous fraud claim.  Finally, Plaintiff objects to the standard applied by the Magistrate Judge to evaluate Defendant's motion to dismiss based on qualified immunity.

II.

Plaintiff asserts a denial of access to the courts claim.  It is well-established that prisoners have a constitutional right of access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  This right prohibits prison officials from erecting barriers that may impede the inmate's accessibility to the courts.  *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).  To state a viable claim for interference with a prisoner's right to access the courts, a plaintiff must show actual prejudice or "actual injury."  *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999).

Plaintiff objects to the Magistrate Judge's reliance on *Bounds* and *Lewis*, but Plaintiff's argument is without merit. These cases are controlling precedent to Plaintiff's claim, and the Magistrate Judge properly relied upon these cases in his R&R.

Next, Plaintiff argues that he has shown actual injury. He contends that he timely filed his prior lawsuit, and if he would have been allowed to proceed *in forma pauperis*, he would have been able to present a non-frivolous fraud claim. Relatedly, he objects to the Magistrate Judge's conclusion that his complaint was based on a prior lawsuit alleging Fourth Amendment violations. But a "prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Plaintiff does not have a constitutional right to access the courts on his fraud claim. Therefore, Plaintiff has not alleged or shown that his previous lawsuit was not frivolous, and has not alleged actual injury.

Finally, Plaintiff objects to the standard applied by the Magistrate Judge to evaluate Defendant's qualified-immunity defense. Plaintiff argues that the Magistrate Judge should have evaluated the defense under an objective reasonableness test, which is the exact test the Magistrate Judge used to reach his conclusion. The R&R correctly cited case law laying out the standards employed by the Supreme Court and the Sixth Circuit to determine whether a defendant is entitled to qualified immunity. Thus, Plaintiff's objection is without merit.

The Court finds the R&R to be well-reasoned, and Plaintiff's objections are without merit. For the reasons stated in the R&R, the Court will grant Defendant's motion to dismiss (ECF No. 8). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (ECF No. 14) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 13) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss (ECF No. 8) is **GRANTED**.

A judgment will enter in accordance with this memorandum opinion and order.


Dated: December 1, 2016                               /s/ Robert Holmes Bell
                                                      ROBERT HOLMES BELL
                                                      UNITED STATES DISTRICT JUDGE